**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**

**COMPLAINT**

| | |
|---|---|
| **Kevin Jenkins**<br><br>Plaintiff,<br><br>v.<br><br>**Experian Information Solutions, Inc.**<br><br>Defendant. | CASE NO. ________________________<br><br>Complaint for a civil case<br><br>Jury Trial: ☒ Yes ☐ No |

**Introduction**

1. This is a civil action for actual, statutory damages and cost brought by Kevin Jenkins ("Plaintiff") an individual consumer, against defendant, Experian Information Solutions, Inc. ("Experian") for violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 *et seq.* (hereinafter "FCRA").

**Jurisdiction**

2. Jurisdiction of this court arises under 15 U.S.C § 1681(P) and 28 U.S.C § 1391 B(2) because a substantial part of the events, omissions, or conduct giving rise to plaintiff claim occurred in this judicial district. Defendant ("Experian") transact business in Atlanta, Fulton County, Georgia.

3. The court has supplemental jurisdiction of any state law pursuant to 28 U.S.C § 1367.

**Parties**

4. Plaintiff, Kevin Jenkins is a natural person and consumer as defined by 15 U.S.C § 1681 a(c), residing in Cobb County, Georgia.

5. Upon information and belief, Defendant, Experian is a "Consumer Reporting Agency" with a principal address at 475 Anton Blvd Costa Mesa, CA 92626. Experian has a registered agent by the name of C T Corporation System 289 S Culver St Lawrenceville, GA 30046-4805

6. Upon information and belief, Experian is a "consumer reporting agency", as defined in 15 U.S.C. § 168la(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §168la(d) to third parties.

7. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation, furnishing consumer reports, as defined in 15 U.S.C. § 1681 a(d) to third parties.

8. The acts as described in this complaint were performed by defendants or on defendant's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "defendant" or their owners, agents, and/or employees.

## Introduction

9. According to 15 USC §1681a of the Fair Credit Reporting Act (FCRA), The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports

directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.

10. According to 15 USC §1681i(a)(1)(A) Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

11. According to 15 USC §1681e(a) of the FCRA every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 1681c of this title and to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title.

12. Furthermore section 15 USC§ 1681e(b) of the FCRA goes on to state that whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

13. Defendant is subject to civil liability under 15 USC § 1681n for the willful noncompliance and 15 USC § 1681o for negligent noncompliance under the Fair Credit Reporting Act.

## Factual Allegations

14. On or about May 20, 2026, plaintiff reviewed his Experian consumer report.

15. In the report the Plaintiff observed accounts from DriveTime/Bridgecrest, Chime/Stride Bank NA, Concord Servicing LLC, Merrick Bank Corp, and TBOM/Continental Finance that were reporting inaccurate and incomplete information.

16. The inaccurate and incomplete information included, without limitation: account statuses that contradict the payment history reported on the same tradeline; delinquency progressions that are arithmetically impossible; credit limits reported on charged-off accounts; highest balances exceeding the credit limit reported for the same account and period; payment history missing for entire years, including the month in which each account was reported opened; extended spans of months reported as "No data for this period" on open accounts; furnisher comments that contradict the ratings reported on the same tradeline; and omitted Dates of First Delinquency on charged-off accounts. Each inaccuracy is identified by account, by data field, and by month and year in Plaintiff's dispute letter. (See Exhibit A).

17. Plaintiff sent a dispute letter on or around June 12, 2026 disputing the completeness and accuracy of the inaccurate accounts stated above to Experian. (See Exhibit A).

18. According to 15 USC§ 1681i(a)(1) of the FCRA, if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable

reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

19. Experian received and processed the dispute and the accounts were "Updated," however Experian continued to report the accounts inaccurately on the Plaintiff's consumer report. Experian's own consumer disclosure dated July 29, 2026 states, beneath each disputed account under the heading "Reinvestigation Info," that "[t]his item was updated from our processing of your dispute in Jun 2026" as to four of the accounts and "in Jul 2026" as to the fifth. (See Exhibit B).

20. In the Plaintiff's dispute letter to the defendant Experian, the Plaintiff pointed out multiple clear inaccurate and incomplete information that the defendant was reporting. The defendant in turn processed the dispute yet failed to update any of the incomplete and inaccurate information that the Plaintiff clearly pointed out. Experian had actual knowledge of these inaccuracies from the Plaintiff's dispute letter and deliberately chose to ignore and permit the reporting of the inaccurate accounts. (See Exhibit A for the dispute letter submitted)

21. Experian's reinvestigation results were not proper and as a result they continued reporting information that is materially misleading and thus, inaccurate. See *Shaw v. Experian Information Solutions, Inc.,* concluded that an item of information on a consumer's credit report is "inaccurate" if it either is "patently incorrect" or is "misleading in such a way and

to such an extent that it can be expected to adversely affect credit decisions." 891 F.3d 749, 756 (9th Cir. 2018)

22. Experian verified the disputed information without account-level documentation which is a violation of the FCRA. Without proper documentation to verify the information reporting on each account, one cannot verify the information and therefore it should be deleted from the consumer report.

23. As the FCRA does not define "verify" or "investigation," we must look to the ordinary meaning of those terms. *See United States v. Santos*, 553 U.S. 507, 511, 128 S.Ct. 2020, 2024 (2008) ("When a term is undefined, we give it its ordinary meaning."); *United States v. Lopez*, 590 F.3d 1238, 1248 (11th Cir. 2009) ("To ascertain the ordinary meaning, courts often turn to dictionary definitions for guidance.").

24. The ordinary meaning of "verification" is: (1) "evidence that establishes or confirms the accuracy or truth of something"; (2) "the process of research, examination, etc., required to prove or establish authenticity or validity"; (3) "a formal assertion of the truth of something, as by oath or affidavit"; and (4) "a short confirmatory affidavit at the end of a pleading or petition." *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 782-83 (6th Cir. 2014) (quoting *Random House Unabridged Dictionary* 2113 (2d ed. 1993)). "Verify" has a similar meaning in the legal context. *See Black's Law Dictionary* 1793 (10th ed. 2014) ("verify vb. (14c) 1. To prove to be true; to confirm or establish the truth or truthfulness of; to authenticate. 2. To confirm or substantiate by oath or affidavit; to swear to the truth of."). Finally, the term "investigation" is defined as "[a] detailed inquiry or systematic examination" or "a searching inquiry." *Johnson*, 357 F.3d at

430 (quoting *Am. Heritage Dictionary* 920 (4th ed. 2000); *Webster's Third New Int'l Dictionary* 1189 (1981)).

25. Experian prepared and published to third parties multiple inaccurate consumer reports about the plaintiff that contained the inaccurate accounts despite the plaintiff's dispute.

26. Experian received the plaintiff's dispute, but wholly and entirely failed to conduct the reinvestigation required by law. Instead, they merely "parroted" the information dictated to it by the furnishers.

27. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and reporting these accounts inaccurately has caused a lower credit score to be generated.

28. The defendant failed to conduct a reasonable investigation and reinvestigation, failed to review and consider all relevant information submitted by Plaintiff, and failed to conduct any independent investigation. Instead, despite possessing evidence that the information was inaccurate as described by Plaintiff in the Dispute, Experian deferred to the furnishers and merely "parroted" the information dictated to it by them, and without any explanation or reason continued to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

29. Experian's reporting of inaccurate information about the Accounts, which are the subject of the Dispute, despite evidence that said information is inaccurate, is evidence of the defendant's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file. On at least one occasion within the

past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff, including when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's credit report. Experian's procedures were per se deficient by reason of these failures.

30. The defendant has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following:

[a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

[b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

[c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

[d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate;

[e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

[f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information;

[g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and

[h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

31. Due to this reporting by Experian on the Plaintiff's consumer report, the consumer has suffered numerous damages including but not limited to statutory damages, actual damages including denial of credit, loss of credit, loss of ability to benefit from credit, loss of time due to dealing with the violations from the defendant, anxiety, lower credit scores, humiliation, damage to character, mental distress, and emotional distress. The inaccurate credit reporting by Experian has caused Plaintiff substantial emotional distress. Plaintiff lives with the constant fear that his financial integrity and personal reputation are being judged based on false and misleading information. Each time Plaintiff applies for credit, housing, or employment, there is anxiety and uncertainty surrounding whether the inaccurate data will result in rejection or increased scrutiny.

32. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered denial of credit, a lower credit score, lost opportunities to benefit from his credit, and emotional distress from having his inaccurate consumer report furnished to multiple third parties, all as a result of the Defendant failing to correctly modify or delete these inaccurate reporting accounts as required by law. On or about July 1, 2026 and again on or about July 8, 2026, after Experian's purported reinvestigation, 700 Credit/Open Road ACU and United Auto Credit Company each obtained Plaintiff's Experian consumer report and each received the uncorrected file, as reflected on the face of Exhibit B.

33. The conduct, action and inaction of Experian was willful, thereby rendering the defendant liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n), and Plaintiff is entitled to recover reasonable costs and attorney's fees from the defendant in an amount to be determined by the Court. The appearance of the accounts on Plaintiff's credit report, namely, the accounts identified by Plaintiff in Plaintiff's dispute to Experian, was the direct and proximate result of the defendant's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of 15 U.S.C. § 1681e(b).

**Defendant Experian refused to provide Plaintiff with Full File Disclosure As Required By Section 1681g of the FCRA**

34. Plaintiff requested Plaintiff's full file disclosure under section 1681g of the FCRA in June of 2026. This was sent and attached to the dispute from Exhibit A that the plaintiff sent in June of 2026.

35. The full file disclosure is more than what is provided in a consumer report or a credit report — it is all the information the credit bureau has on the consumer.

36. Defendant Experian refused to provide the plaintiff with the full file disclosure.

37. The law is very clear under 1681g — to provide the Plaintiff with everything that is in his file.

38. Defendant Experian knew the plaintiff had requested this information and had identified who the plaintiff was and refused to send the file to the Plaintiff's home address.

39. Defendant Experian refused to provide all the data contained in its files.

40. As one simple example, there are accounts with missing data even though Experian should have this data on file, including entire years of payment history absent from the DriveTime/Bridgecrest and Concord Servicing accounts and months of absent data on the Chime/Stride Bank, Merrick Bank, and TBOM/Continental Finance accounts.

41. As another example, Experian disclosed no Date of First Delinquency for the Chime/Stride Bank, Merrick Bank, or TBOM/Continental Finance charge-offs, while simultaneously disclosing that the Chime/Stride Bank account will remain on record until April 2030 and that the Merrick Bank account will remain on record until March 2029. A purge date cannot be calculated without a Date of First Delinquency. Experian therefore possesses the Date of First Delinquency for these accounts and elected not to disclose it, giving the plaintiff the conclusion while withholding the data from which it was drawn.

42. The withholding is selective rather than a limitation of Experian's disclosure format. Experian populated the "On Record Until" field for two charge-offs on the plaintiff's file and left it entirely blank for a third, demonstrating both that the field exists and that Experian was populating it on this plaintiff's file during the same period.

43. Defendant Experian further refused to disclose the sources of the information in the plaintiff's file and the identification of each person that procured a consumer report concerning the plaintiff, notwithstanding the plaintiff's express written request for that information.

44. Defendant Experian has deprived the plaintiff of the plaintiff's rights to see everything contained in his file under section 1681g.

45. As a direct result of Experian's refusal to provide Plaintiff with a full file disclosure as required by 15 U.S.C. § 1681g, Plaintiff has suffered both actual and intangible damages. Without access to the complete contents of his credit file, Plaintiff has been unable to determine what specific information Experian is maintaining and disclosing to third parties. Without the Dates of First Delinquency, Plaintiff cannot determine whether three charged-off accounts are lawfully within their reporting periods at all. This has deprived Plaintiff of the opportunity to identify, dispute, and correct inaccurate or outdated information, thereby placing Plaintiff at an ongoing disadvantage in financial transactions. This lack of transparency has caused emotional distress, including anxiety and frustration. Plaintiff also lost valuable time and resources trying to obtain the file through lawful means. The defendant's refusal has obstructed Plaintiff's right to exercise informed control over his personal financial information. These injuries are ongoing and were directly caused by Experian's unlawful conduct.

46. Without having access to all of the information in the plaintiff's file, the plaintiff is unable to determine if there is additional inaccurate or incomplete information that plaintiff needs to dispute had plaintiff been given the full file disclosure as required by law.

**Experian refused to Accept Plaintiff's Consumer Statement as Required by Section 1681i**

47. Plaintiff specifically requested, as is Plaintiff's right under 1681i, a statement be added to Plaintiff's consumer file about the inaccurate and incomplete data on each of the disputed

accounts. Plaintiff submitted five separate written consumer statements, one keyed to each disputed account. (See Exhibit A)

48. According to 15 U.S.C. 1681i(c) — Notification of consumer dispute in subsequent consumer reports — whenever a statement of a dispute is filed, unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof.

49. Defendant Experian failed to add the statement to each disputed account as the plaintiff requested in his Exhibit A letter. Experian's July 29, 2026 consumer disclosure contains no consumer statement for any of the five disputed accounts.

50. Defendant Experian had no right to refuse to add the statements as the plaintiff met the requirements under 1681i. None of the statements was frivolous or irrelevant; each identified concrete contradictions in Experian's own reported data and each addressed the specific account to which it was appended.

51. Defendant Experian refused to explain to the plaintiff why they are violating the law in this manner.

52. As a direct result of Experian's refusal to include the consumer statements submitted pursuant to 15 U.S.C. § 1681i, the plaintiff suffered both tangible and intangible damages. The plaintiff was deprived of the statutory right to have his dispute accurately reflected on the credit report, thereby preventing potential creditors, employers, and other third parties

from being made aware that he contested the information Experian was reporting. This omission materially misrepresented the nature of the reported accounts and caused the report to appear unchallenged and fully accurate when it was not.

**Failure to Provide Description of Reinvestigation Procedure – Violation of 15 U.S.C. § 1681i(a)(6)(B)(iii)**

53. In June 2026, Plaintiff submitted a written dispute to Experian regarding inaccurate and incomplete information contained in Plaintiff's credit file. (See Exhibit A)

54. In accordance with 15 U.S.C. § 1681i(a)(6)(B)(iii), Plaintiff requested that Experian provide a description of the procedure used to determine the accuracy and completeness of the disputed information.

55. Specifically, Plaintiff requested the name, address, and telephone number (if reasonably available) of each furnisher of information that Experian contacted in connection with the reinvestigation.

56. Despite this clear statutory obligation, Experian failed to provide the required procedural description, including the identity and contact information of the furnishers.

57. As a result, Plaintiff was left without a clear understanding of how Experian conducted the reinvestigation or whether the investigation process complied with the standards set forth in the Fair Credit Reporting Act.

58. Experian's refusal to disclose this information obstructed Plaintiff's ability to identify and hold accountable the furnishers of false or inaccurate data, impairing Plaintiff's right to take corrective or legal action.

59. The failure to comply with § 1681i(a)(6)(B)(iii) caused Plaintiff to suffer actual damages, including loss of transparency in the reinvestigation process, emotional distress, and the ongoing harm of inaccurate credit reporting.

60. Experian's failure was willful or, in the alternative, negligent, and entitles Plaintiff to recover actual damages, statutory damages, punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

**Count 1 Violation of the Fair Credit Reporting Act**

**15 U.S.C § 1681e(b) (Experian)**

61. Mr. Jenkins realleges and incorporates all other factual allegations set forth in this complaint.

62. Experian violated 15 U.S.C §1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the Plaintiff's credit reports and credit file it published and maintained after the date Plaintiff put the agency on notice of the suspect and disputed inaccuracies.

63. Maximum possible accuracy means making sure you are reporting every detail on a consumer report with 100% accuracy and completeness. Defendant Experian clearly failed to follow reasonable procedures to assure maximum accuracy as the Plaintiff clearly disputed very specifically each detail that was inaccurate and incomplete to the Defendant,

yet in despite of the Plaintiff's dispute, the defendant verified each account and continued to report the information the Plaintiff disputed inaccurately and incompletely.

64. As a result of Experian's violations of 15 U.S.C 1681e(b), Mr. Jenkins suffered actual damages, including but not limited to: loss of credit, denial of credit, loss of ability to purchase or benefit from credit, loss of time due to learning how to defend against the Defendant's violation of his rights, emotional distress, anxiety, damage to reputation, and other mental and physical distress.

65. The violations by the defendant were willful rendering the Defendant liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C 1681n. In the alternative, the defendant was negligent, which entitles Mr. Jenkins to recovery under 15 U.S.C 1681o.

66. Mr. Jenkins is entitled to recover actual damages, statutory damages, cost and attorney's fees from Experian in an amount to be determined by the court pursuant to 15 U.S.C 1681n and 1681o.

**Count II Violation of the Fair Credit Reporting Act**

**15 U.S.C § 1681i(a)(1)(A) (Experian)**

67. Mr. Jenkins realleges and incorporates all other factual allegations set forth in this complaint.

68. Experian violated 15 U.S.C§ 1681i(a)(1)(A) on multiple occasions by failing to conduct a reasonable investigation to determine whether the disputed information was inaccurate and

record the current status of the disputed information or delete the item from Mr. Jenkins's credit file.

69. The defendant violated 15 U.S.C§ 1681i(a)(1)(A) because the Plaintiff disputed each inaccurate and incomplete item being reported on his consumer report, yet the Defendant received the Plaintiff's dispute and failed to update or delete any of the clearly inaccurate items that the Plaintiff pointed out in his dispute which clearly shows they did not do a proper investigation and is a violation of 15 U.S.C§ 1681i(a)(1)(A).

70. As a result of the defendant's violations of 15 U.S.C §1681i(a)(1)(A), Mr. Jenkins suffered actual damages, including but not limited to: loss of credit, denial of credit, loss of ability to purchase or benefit from credit, loss of time due to learning how to defend against the Defendant's violation of his rights, damage to reputation from brandishing an inaccurate consumer report to third parties which in turn led to humiliation and embarrassment, anxiety and other mental, physical, and emotional distress.

71. The violations by the defendant were willful rendering the Defendant liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C 1681n. In the alternative, Experian was negligent, which entitles the plaintiff to recovery under 15 U.S.C § 1681o.

72. Mr. Jenkins is entitled to recover actual damages, statutory damages, cost and attorney's fees from Experian in an amount to be determined by the court pursuant to 15 U.S.C §1681n and 1681o.

**Count III Violation of the Fair Credit Reporting Act**

**15 U.S.C § 1681i(a)(2)(A) (Experian)**

73. The plaintiff realleges and incorporates all other factual allegations set forth in this complaint.

74. Experian violated 15 U.S.C §1681i(a)(2)(A) on multiple occasions by failing to provide each furnisher that the plaintiff disputed with all relevant information regarding Mr. Jenkins's dispute.

75. As a result of the defendant's violations of 15 U.S.C §1681i(a)(2)(A), Mr. Jenkins suffered actual damages, including but not limited to: loss of credit, denial of credit, loss of ability to purchase or benefit from credit, damage to reputation, embarrassment, humiliation, anxiety and other mental, physical, and emotional distress.

76. The violations by the defendant were willful rendering the Defendant liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C § 1681n. In the alternative, the defendant was negligent, which entitles Mr. Jenkins to recovery under 15 U.S.C §1681o.

77. Mr. Jenkins is entitled to recover actual damages, statutory damages, cost and attorney's fees from the defendant in an amount to be determined by the court pursuant to 15 U.S.C 1681n and 1681o.

**Count IV Violation of the Fair Credit Reporting Act**

**15 U.S.C § 1681i(a)(4) (Experian)**

78. Mr. Jenkins realleges and incorporates all other factual allegations set forth in this complaint.

79. Experian violated 15 U.S.C §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by the plaintiff.

80. In the Plaintiff's dispute letter to the Defendant, the Plaintiff pointed out multiple inaccurate and incomplete information that the Defendant was reporting. The Defendant in return processed the dispute yet failed to update any of the incomplete and inaccurate information that the Plaintiff clearly pointed out.

81. As a result of the defendant's violations of 15 U.S.C §1681i(a)(4), Mr. Jenkins suffered actual damages, including but not limited to: loss of credit, denial of credit, loss of ability to purchase or benefit from credit, damage to reputation due to the Defendant's inaccurate reporting of these accounts, damage to reputation, embarrassment and humiliation from Defendant furnishing the Plaintiff's report to third parties, anxiety from fear of defendant continuing to furnish this inaccurate information to third parties and fear of never being able to benefit from his credit, and other mental, physical, and emotional distress.

82. The violations by the defendant were willful rendering the Defendant liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C § 1681n. In the alternative, the defendant was negligent, which entitles Mr. Jenkins to recovery under 15 U.S.C 1681o.

83. Mr. Jenkins is entitled to recover actual damages, statutory damages, cost and attorney's fees from the defendant in an amount to be determined by the court pursuant to 15 U.S.C §1681n and 1681o.

**Count V Violation of the Fair Credit Reporting Act**

**15 U.S.C § 1681i(a)(5)(A) (Experian)**

84. Mr. Jenkins realleges and incorporates all other factual allegations set forth in this complaint.

85. Experian violated 15 U.S.C §1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Mr. Jenkins's credit file or modify the item of information upon a lawful reinvestigation.

86. As a result of the defendant's violations of 15 U.S.C §1681i(a)(5)(A), Mr. Jenkins suffered actual damages, including but not limited to: loss of credit, denial of credit, loss of ability to purchase and benefit from credit, damage to reputation, embarrassment, humiliation, anxiety, and other mental, physical, and emotional distress.

87. The violations by the defendant were willful rendering the Defendant liable for punitive damages in an amount to be determined by the court pursuant to 15 U.S.C §1681n. In the alternative, the defendant was negligent, which entitles the plaintiff to recovery under 15 U.S.C 1681o.

88. Mr. Jenkins is entitled to recover actual damages, statutory damages, cost and attorney's fees from the defendant in an amount to be determined by the court pursuant to 15 U.S.C §1681n and 1681o.

**Count VI Failure to Provide Full File Disclosure**

**in Violation of 15 U.S.C. § 1681g**

89. Plaintiff realleges and incorporates by reference paragraphs 1 through 60 as if fully set forth herein.

90. Under 15 U.S.C. § 1681g(a)(1), a consumer reporting agency must, upon request, clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request.

91. Plaintiff submitted a valid request to Defendant Experian for Plaintiff's full file disclosure as defined by § 1681g.

92. Defendant Experian willfully and/or negligently failed to provide all information in Plaintiff's file, including but not limited to the Dates of First Delinquency for the Chime/Stride Bank, Merrick Bank, and TBOM/Continental Finance charge-offs, accounts with missing data, the sources of information in Plaintiff's file, and third-party access history.

93. Defendant's refusal to provide the complete file has deprived Plaintiff of the ability to identify and challenge other potentially inaccurate or incomplete information, in direct violation of Plaintiff's rights under the FCRA.

94. As a result of Experian's conduct, Plaintiff suffered actual damages including emotional distress, loss of transparency, and impairment in Plaintiff's ability to safeguard his credit file.

95. Defendant's actions were willful, or in the alternative, negligent, and entitle Plaintiff to actual damages, statutory damages, punitive damages, attorney's fees, and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

**Count VII Failure to Add Consumer Statement**

**in Violation of 15 U.S.C. § 1681i(c) (Experian)**

96. Plaintiff realleges and incorporates by reference paragraphs 1 through 60 as if fully set forth herein.

97. Pursuant to 15 U.S.C. § 1681i(c), a consumer reporting agency must include a consumer's statement of dispute in the consumer's file and in any future consumer report that contains the disputed information, unless the statement is frivolous or irrelevant.

98. Plaintiff submitted clear, relevant, and non-frivolous statements of dispute requesting that Experian include the statements in Plaintiff's file and with each disputed account.

99. Defendant Experian willfully and/or negligently refused to add Plaintiff's statements to any of the disputed accounts.

100. As a result, Plaintiff's disputes were misrepresented to third parties, creating the false appearance that Plaintiff did not challenge the information, thereby harming Plaintiff's credibility and creditworthiness.

101. Plaintiff suffered tangible and intangible damages including financial loss, denial of favorable credit opportunities, and emotional distress including anxiety and anger.

102. Defendant's refusal to include the statements, without lawful justification, violated § 1681i(c) and entitles Plaintiff to actual damages, statutory damages, punitive damages, attorney's fees, and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

**Count VIII Failure to Provide Description of Reinvestigation Procedure in Violation of 15 U.S.C. § 1681i(a)(6)(B)(iii)**

103. Plaintiff realleges and incorporates by reference paragraphs 1 through 60 as if fully set forth herein.

104. Under § 1681i(a)(6)(B)(iii), a consumer reporting agency must, upon request, provide a consumer with a description of the procedure used to determine the accuracy and completeness of disputed information.

105. This description must include the name, address, and telephone number (if reasonably available) of any furnisher of information contacted during the reinvestigation.

106. Plaintiff properly requested this information in connection with his dispute in 2026.

107. Defendant Experian failed to comply with this statutory requirement and refused to disclose the identity and contact information of furnishers, thereby obstructing Plaintiff's right to evaluate the adequacy of the reinvestigation.

108. As a result, Plaintiff suffered damages including the loss of transparency in the dispute process, emotional distress, and diminished ability to pursue further legal remedies.

109. Defendant's actions were willful, or in the alternative, negligent, and entitle Plaintiff to actual damages, statutory damages, punitive damages, attorney's fees, and costs under 15 U.S.C. §§ 1681n and 1681o.

**WHEREFORE**, Plaintiff demands judgment for actual, statutory and punitive damages against Defendant, for their attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate, and such other relief the Court deems just and proper. **TRIAL BY JURY IS DEMANDED**

Date: August 16th, 2026

Respectfully Submitted,

*/s/Esther Oise*
**Esther Oise, Esq.**
Georgia Bar No. 686342
Oise Law Group, P.C.
2635 Governors Walk Blvd
Snellville, GA 30039
Tel: (770) 895-3736
Fax: (980) 265-8981
oiselaw@gmail.com

*Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**

A. Plaintiff's written dispute to Experian dated June 12, 2026, with enclosures.

B. Experian consumer disclosure dated July 29, 2026 (Report No. 2053-3012-30), relevant excerpts.

C. Experian consumer disclosure dated May 20, 2026, relevant excerpts.